**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **AZEEZ LAWAL** | * | NO.: 4:25-CV-00810-SDJ-BD |
| | * | |
| **VERSUS** | * | JUDGE: SEAN D. JORDAN |
| | * | |
| **TURO INC., ET AL.** | * | MAGISTRATE: BILL DAVIS |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * | * | |

**MOTION TO STRIKE JOINDER OF TRAVELERS AND/OR**
**OPPOSE PLAINTIFF'S MOTION FOR LEAVE TO JOIN AND,**
**ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT**

**NOW INTO COURT**, through undersigned counsel, comes Travelers Excess and Surplus Lines Company ("Travelers"), incorrectly named as Travelers Insurance Company, which, without waiver of any other defenses,[1] moves to strike and/or oppose its purported joinder as a party to the Second Amended Motion to Vacate Arbitration Award [Rec. Doc. No. 8] filed by Plaintiff Azeez Lawal ("Lawal" or "Plaintiff") or, alternatively, for an order compelling Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

As set forth in the accompanying memorandum, Plaintiff's pro se filings leave unclear whether Travelers is currently a defendant in this proceeding. However, given Plaintiff's perfection of formal service upon Travelers, the ambiguity in Plaintiff's Motion to Vacate, and Plaintiff's comments in other filings, Travelers requests that this Court strike Lawal's purported joinder of Travelers as a party to Lawal's Motion to Vacate and formally dismiss Travelers from this proceeding. Should Plaintiff's Motion to Vacate be understood instead to seek leave of court to add Travelers to this proceeding, the arguments herein are submitted in opposition to that motion for leave.

---

[1] In particular, Travelers reserves its rights to assert any motions to dismiss available under Federal Civil Procedure Rule 12(b) depending on the outcome of the present motion.

Travelers is not appropriately named as a defendant in the pending Motion to Vacate Arbitration Award for the simple reason that Travelers was not a party to, and has no substantive interest in, the arbitration that is the subject of that Motion to Vacate. Moreover, neither the Federal Rules of Civil Procedure nor the Federal Arbitration Act ("FAA") provide a mechanism for Plaintiff to combine a motion to vacate an arbitration award with other claims that are not specifically allowed for in the FAA. Thus, Travelers is not appropriately named as a defendant either to the Motion to Vacate or to any other claim sought to be asserted by Plaintiff therein.

Solely in the alternative, should this Court deny Travelers' motion to strike it from Plaintiff's Motion to Vacate and from this proceeding and/or grant Plaintiff leave to add Travelers as a defendant to this proceeding, Travelers moves for a more definitive statement under Federal Rule of Civil Procedure 12(e) because, as it pertains to Travelers, Plaintiff's Second Amended Motion to Vacate Arbitration Award "is so vague or ambiguous that [Travelers] cannot reasonably prepare a response." Fed. R. Civ. Proc. 12(e).

## FACTS AND PROCEDURAL HISTORY

### I.  Lawal's Arbitration with Turo

The genesis of the arbitration at issue in this proceeding is Lawal's use of Turo, a peer-to-peer car sharing marketplace, to rent his vehicle to an unknown party.[2] The rental was supposed to take place on April 17, 2025, with the car being returned on April 18, 2025. *See* Exhibit 1. However, the renter (or someone associated with the renter) was arrested during the rental due to

---

[2] The facts presented are taken from the FairClaims Arbitration Award that Lawal's Second Amended Motion to Vacate Arbitration Award references as Exhibit C, which Award was included in a thumb drive of documents that Lawal submitted to the Court and is stored in the Clerk of Court's vault. *See* Rec. Doc. Nos. 6, 8, & 25. The FairClaims Arbitration Award is attached hereto as Exhibit 1 for the Court's convenience. Lawal's Second Amende Motion to Vacate also references the Arbitration Award in a "Table of Contents for Attached Supplements." Rec. Doc. No. 8-1 at p. 8. For purposes of this motion, Travelers assumes the truth of the facts recited in the FairClaims Arbitration Award.

2

suspected criminal activity, and the police impounded the car. Lawal contacted Turo to obtain the car's release. After the car was released, Lawal made a claim to Turo for damage to his car. *Id.*

When Lawal and Turo were unable to resolve their differences, Lawal initiated an arbitration *with Turo* pursuant to the Turo Terms of Service mandating use of the FairClaims arbitration service. On July 16, 2025, the arbitrator issued his Final Arbitration Award, which ruled in favor of Turo and dismissed Lawal's claim. Exhibit 1. The arbitrator concluded that Lawal had either failed to prove additional damages existed or not proven that the claimed damages were recoverable. *Id*.

## II.    Lawal's Filings in this Court

On July 28, 2025, Lawal commenced this proceeding by filing in this Court a Motion to Vacate Arbitration Award under the Federal Arbitration Act. [Rec. Doc. No. 1.] Lawal then filed an Amended Motion to Vacate Arbitration Award on July 31 2025, and a Second Amended Motion to Vacate Arbitration Award on August 6, 2025. [Rec. Doc. No. 6, 8.] Through those motions, Plaintiff asks this Court "to vacate the July 16, 2025, arbitration award in FairClaims Arbitration No. 43417844." [R. Doc. 8-1 at p. 11.] As detailed therein, Plaintiff claims that arbitration suffered from "fatal structural and procedural defects", and he asserts a litany of improprieties against both Turo as his opposing party in the arbitration and against FairClaims as the arbitration company. *Id*. at pp. 12-37. Although styled only as a Motion to Vacate the July 16, 2025 arbitration award, Plaintiff's motion also "seeks post-vacatur sanctions and discovery, and leave to amend into a civil RICO action." *Id*. at p. 11.

As to Travelers, Plaintiff's Second Motion to Vacate appears to acknowledge that it has not made Travelers a defendant as it repeatedly states that Plaintiff seeks leave of court to add Travelers as a party for post-vacatur proceedings. *See*, *id*. at p. 15 (Plaintiff asserts a "[r]equest

for permission to seek joinder of Travelers Insurance as an indispensable party in post-vacatur proceedings"); *id.* at p. 38 (Plaintiff "respectfully moves this Court to join Travelers Insurance as a necessary party"); *id.* at p. 39 (Plaintiff "respectfully requests that this Court order joinder of Travelers Insurance as a necessary party"). Nonetheless, the Second Motion to Vacate identifies Travelers as a defendant in its caption (*id.* at p. 4) and Plaintiff had Travelers served with a summons (Rec. Doc. No. 16). Moreover, Plaintiff argues in other filings that he has asserted "Civil Rico, conspiracy, and related claims against Turo, Travelers, FairClaims, and others." [Rec. Doc. No. 34 at p. 2.]

Substantively, Plaintiff's Second Motion to Vacate does not allege that Travelers was a party to the arbitration at issue, nor do any of the hundreds of pages of documents Plaintiff has filed into the record so establish. To the contrary, those filings confirm otherwise. The Final Arbitration Award itself states in relevant part that "[t]his arbitration was initiated on or about June 12, 2025, ***between Claimant Azeez Lawal ("Lawal") and Respondent Turo ("Turo")***", with no mention of Travelers as a party thereto. Ex. 1 at p. 3 (emphasis added). *See also* Rec. Doc. No. 8-1 at p. 38 (noting that arbitrator ruled that all references to Travelers in the arbitration were irrelevant); Plaintiff's "Exhibit L Overview" (complaining that 42 phone calls between Plaintiff and Turo between April 18 and June 6, 2025, document that "[n]o claim [was] filed with Travelers" despite Plaintiff's repeated requests). Indeed, the only allegation in Plaintiff's Motion directed at Travelers concerning the arbitration itself is that "Travelers remained conspicuously silent" during that proceeding (Rec. Doc. No. 8-1 at p. 38) – a subtle even if unintentional acknowledgment that Travelers was not a party to that arbitration and played no role in it.

Notably, the documents Plaintiff filed with his Motion to Vacate highlight why Travelers was not involved in the arbitration between Plaintiff and Turo and has no interest in it: because

4

Travelers provided Turo hosts, such as Plaintiff, only with certain ***third-party liability coverage***, i.e., coverage for liability claims by third parties seeking to recover for their own losses; Travelers did not provide physical damage coverage for damage to hosts' own cars such as that being claimed by Plaintiff. For example, Lawal attached as Exhibit O-4 to his Motion to Vacate an excerpt from Turo's website titled "Protection plans – In detail | US hosts." A copy of Plaintiff's Exhibit O-4 is attached hereto as Exhibit 2.[3] That one-page document clearly distinguishes between (a) the third-party liability insurance available to hosts and (b) available reimbursement to hosts from Turo for "Physical Damage and theft." Pltf's Ex. O-4. It expressly states in relevant part that "up to $750,000 in ***third-party liability insurance . . . [is] provided by Travelers Excess***. Liability insurance is provided under a policy issued to Turo by Travelers Excess and Surplus Lines Company ("Travelers")." *Id*. at 1 (emphasis added). In contrast, it further states that Turo's U.S. host protection plans "provide varying levels of ***contractual reimbursement from Turo for Physical Damage*** and theft." *Id*. (emphasis added).

Similarly, Exhibit O-6 to the Second Amended Motion to Vacate Arbitration Award is titled "How it works. Vehicle protection for hosts." Plaintiff's Exhibit O-6 is attached hereto as Exhibit 3.[4] Plaintiff's Exhibit O-6 again states that "All host protection plans in the United States come standard with up to $750,000 ***in third-party liability insurance from Travelers***, as well as varying levels of ***contractual reimbursement from Turo for physical damage*** and theft." Pltf's Ex. O-6 (emphasis added). That document further expressly states: "Liability insurance is

---

[3] Exhibit O-4 to the Second Amended Motion to Vacate was also contained in a thumb drive that is in the Clerk of Court's vault. *See* Footnote 1, *supra*. Lawal's Secon Amended Motion to Vacate also references Exhibit O-4 in its "Table of Contents for Attached Supplements." Rec. Doc. No. 8-1 at p. 9.

[4] Exhibit O-6 to the Second Amended Motion to Vacate was also contained in a thumb drive that is in the Clerk of Court's vault. *See* Footnote 1, *supra*. Lawal's Secon Amended Motion to Vacate also references Exhibit O-6 in its "Table of Contents for Attached Supplements." Rec. Doc. No. 8-1 at p. 9.

provided under a policy issued to Turo by Travelers Excess and Surplus Lines Company. . . . <u>The policy does not provide coverage for damage to a host's vehicle</u>." *Id.* (emphasis added).

**LAW AND ARGUMENT**

**I. Travelers is Not Appropriately Made a Defendant to the Motion to Vacate Arbitration Award Because it Was Not a Party to the Arbitration and Has No Interest in It**

Plaintiff has not filed a Complaint to commence an ordinary proceeding in this Court but a Motion to Vacate the July 16, 2025, arbitration award in FairClaims Arbitration No. 43417844 pursuant to the Federal Arbitration Act. [R. Doc. 8-1.] Travelers is not appropriately named as a defendant in this proceeding as it was not a party to the underlying arbitration. As set forth above, Plaintiff's motion to vacate does not allege that Travelers was a party to that arbitration, and the various documents Plaintiff filed in this matter confirm that it was not. *See, e.g.,* R. Doc. 8-1 (no allegation that Travelers was a party to the arbitration); Ex. 1 at p. 3 (stating that arbitration was between Plaintiff and Turo); Rec. Doc. No. 8-1 at p. 38 (noting the arbitrator issued a ruling that all references to Travelers in the arbitration were irrelevant).

Nor does Travelers have any substantive interest in that arbitration or its award. Through that arbitration, Plaintiff was seeking recovery for alleged damages to his vehicle while rented on the Turo platform. *See* Ex. 1 at p. 2 ("Lawal claims that his vehicle was damaged during a rental and that Turo must pay for the repair and other costs."). As documents Plaintiff filed into the record confirm, Travelers provided Turo hosts, such as Plaintiff, only with insurance coverage for certain third-party liability claims; Travelers did not provide insurance coverage for physical damage to hosts' own vehicles. Exhibit O-4 to Plaintiff's Motion to Vacate (noting that Travelers provided third-party liability insurance and that Turo was responsible for contractual reimbursement for Physical Damage and theft) [attached hereto as Exhibit 2]; Exhibit O-6 to

6

Plaintiff's Motion to Vacate (same, and further explicitly noting that the Travelers policy "does not provide coverage for damage to a host's vehicle") [attached hereto as Exhibit 3].

Lawal apparently fails to appreciate the distinction between first-party and third-party liability insurance. "[A] first-party claim is stated when 'an insured seeks recovery for the insured's own loss,' whereas a third-party claim is stated when 'an insured seeks coverage for injuries to a third party.'" *Lamar Homes, Inc. v. Mid–Continent Cas. Co.,* 242 S.W.3d 1, 17 (Tex.2007) (quoting *Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48, 54 n. 2 (Tex.1997)). As Travelers does not provide coverage for first-party claims by a host for damage to his own car – as Plaintiff is asserting here – Travelers has no substantive interest in Plaintiff's underlying claim, the arbitration, the Final Arbitration Award, or whether that Award is vacated.

As such, Travelers should not be party to Plaintiff's motion to vacate the underlying Arbitration Award, and it respectfully requests that this Court strike the joinder of Travelers from these proceedings and dismiss Travelers with prejudice.

**II.    Travelers is Not Appropriately Named as a Defendant to the Motion to Vacate Arbitration Award Because the Federal Arbitration Act Does Not Permit Joinder of Other Claims or Parties in a Motion to Vacate**

Lawal's Second Amended Motion to Vacate Arbitration Award invokes 9 U.S.C. § 10, the provision of the Federal Arbitration Act ("FAA") that permits a party to make an "application" to a federal district court to vacate arbitration awards based on certain exclusive criteria. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008) (holding that the sections 10 and 11 of the FAA provide the exclusive means for vacating arbitration awards). Section 6 of the FAA further states that the "application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6. Here, Lawal properly filed a motion to vacate, but to the extent his motion purports to assert any claims against Travelers

7

other than the request to vacate the Final Arbitration Award, he has improperly attempted to join other claims in violation of the FAA.

The requirement that an application to vacate an arbitration award be made by motion affects the procedural posture of this matter. Federal Rule of Civil Procedure 81(a)(3) provides that the Rules apply to matters under the FAA "only to the extent that matters of procedure are not provided for in those statutes." Fed. R. Civ. P. 81(a)(3). Rule 7(b) provides that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b).

A motion is required in an effort to expedite judicial consideration of issues pertaining to arbitration. *O.R. Securities, Inc. v. Professional Planning Assocs., Inc.*, 857 F.2d 742, 745 (11th Cir. 1988). Allowing a motion to vacate an arbitration award to proceed as if a regular lawsuit was filed would frustrate the purposes of the FAA:

> The manner in which an action to vacate an arbitration award is made is obviously important, for the nature of the proceeding affects the burdens of the various parties as well as the rule of decision to be applied by the district court. If, . . ., the application to vacate the award may be brought in the form of a complaint, then the burden of dismissing the complaint would be on the party defending the arbitration award. The defending party would be forced to show that the movant could not prove any facts that would entitle him to relief from the arbitration award. If the defending party did not prevail on its motion to dismiss, the proceeding to vacate the arbitration award would develop into full scale litigation, with the attendant discovery, motions, and perhaps trial.

*Id.*

The Federal Rules of Civil Procedure treat motions differently from ordinary pleadings such as complaints, counterclaims, crossclaims, or the like, and, as such, those motion-based proceedings are limited and not subject to broader litigation practice. The U.S. Third Circuit Court of Appeals addressed this issue in *IFC Interconsult, AG v. Safeguard International Partners, LLC*,

8

438 F.3d 298 (3d Cir. 2006). In that case, IFC filed a motion in the district court to confirm an arbitration award against SIP. SIP did not respond to the merits of the motion to confirm but, instead, filed a Rule 12 motion challenging the district court's subject matter jurisdiction. The district court entered an order confirming the award and denying SIP's motion. SIP appealed and argued that it should have been afforded an opportunity under Rule 12 to respond to the motion to confirm. The Third Circuit concluded that the "Federal Rules of Civil Procedure do not apply to the responsive motion practice." *Id.* at 308. In other words, SIP could not respond to the motion to confirm with its own motion under Rule 12 and then, only after denial of its motion, oppose the motion to confirm. The court observed that "SIP proceeded at its peril when it failed to raise its arguments on the merits [of the motion to confirm] in its responsive motion." *Id.* at 309. The court concluded that the motion practice provided for under Rule 12 applied only where there was a pleading but that IFC had filed a motion, not a pleading. *Id.* Therefore, SIP could not invoke Rule 12 and then address the merits of the motion to confirm. The holding in *IFC Interconsult* applies to motions to vacate equally with motions to confirm. *See also PG Publishing, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 313 (3d Cir. 2021) (holding that, in the context of a motion to vacate, "the pleading standards set forth in Rule 12 of the Federal Rules of Civil Procedure are inapplicable to FAA motions.").

Other courts have similarly recognized that this requirement that proceedings to confirm or vacate arbitration awards be brought via motion practice precludes the joinder of other claims or parties to the motion to vacate. *See*, *e.g.*, *CPR Management, S.A. v. Devon Park Bioventures, L.P.*, 19 F.4th 236, 243 (3d Cir. 2021) (where proceeding was initiated via a motion to confirm an arbitration award, court of appeals affirmed lower court's striking of "procedurally improper" interpleader by party not involved in arbitration but who claimed right to proceeds of arbitration

9

award, noting distinction between motions and pleadings and ruling that "[b]ecause Rule 22 interpleader proceeds via pleading, it is not a motion and is thus not permitted under the FAA", which allows for motion practice rather than pleading practice); *Booth v. Hume Publishing, Inc.*, 902 F.2d 925, 931-933 (11th Cir. 1990) (in proceeding filed to confirm arbitration award, affirming lower court's refusal to allow counterclaim by party challenging award, other than counterclaims falling within specific defenses permitted under §§ 10 and 11 of the Arbitration Act, because "judicial review of the arbitration process and of the amount of the award is narrowly limited", such review is not through an ordinary proceeding, and "[t]o allow a respondent to assert counterclaims . . . would change the nature of the confirmation proceedings and would defeat the purpose of the [FAA]"); *Ottley v. Schwartzberg* 819 F.2d 373, 376 (2d Cir. 1987) (rejecting argument that party requesting confirmation of an arbitration award could also seek damages award under ERISA, holding that "[a]ctions to confirm arbitration awards . . . are straightforward proceedings in which no other claims are to be adjudicated" as they are "summary" in nature); *Board of Trustees of the Carpenters Health and Welfare Trust Fund for California v. Cruz*, 2008 WL 11518471, at *3 (N.D. Cal. July 28, 2008) (dismissing effort to join claims for damages under ERISA with motion to confirm arbitration award).

    The summary proceedings applicable to Lawal's motion to vacate the July 16, 2025 Final Arbitration Award do not apply to Travelers which was not a party to those arbitration proceedings. Moreover, even if Travelers had been a party to that arbitration, this Court still could not consider a motion to vacate under the FAA and any other substantive claims against Travelers in a single filing. The defenses normally available to Travelers had it been named in a complaint are not available under the summary proceedings required by a motion to vacate, and it would be improper for Travelers to file a responsive pleading or a Rule 12 motion to dismiss where there is no pleading

10

to challenge. For all the foregoing reasons, to the extent Lawal has attempted to assert one or more substantive claims against Travelers in this proceeding, that effort is improper and those claims must be stricken from the Second Amended Motion to Vacate.

### III. Solely in the Alternative, Travelers is Entitled to a More Definite Statement of The Claims Being Asserted Against It

Solely if this Court denies Travelers' motion to strike and interprets Plaintiff's Motion to Vacate Arbitration Award as a federal complaint commencing an ordinary proceeding, then Travelers alternatively moves for a more definite statement of the claims being asserted against it pursuant to Federal Rule of Civil Procedure 12(e). That Rule states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." F. R. Civ. P. 12(e). "A motion under Rule 12(e) is designed to strike at unintelligibility in a pleading rather than want of detail." *Patterson v. ABS Consulting, Inc.*, 2009 WL 248693 at * 2 (E.D. Mo. Feb. 2, 2009). When a pleading is so vague and ambiguous that a responsive pleading cannot be framed, a more definite statement is warranted. *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir.1999). Motions for a more definite statement are appropriate where the complaint "lacks the required specificity to enable [the] defendant to understand the precise nature of the claims against [it]." *Gilbert v. Chertoff,* 05–CV–2128, 2006 WL 2793169, at *2 (D.D.C. Sept. 28, 2006). "[S]hotgun pleadings" alleging a variety of bad acts without factual support or clear allegation which, if any, defendants engaged in said bad acts are insufficient. *Id.*

Lawal's allegations against Travelers in the Second Amended Motion to Vacate Arbitration are simply unintelligible. Lawal's Motion does not identify a single act that Travelers performed in the arbitration or in connection with it that could possibly establish legal liability by Travelers to Lawal. His filings complain about statements Turo made about Travelers on Turo's website,

11

but such comments do not indicate that Travelers actually did anything or failed to do anything that harmed Lawal. Lawal further suggests that the conduct between Turo and Travelers "plausibly supports a civil RICO predicate" but, again, does not include any factual allegations as to conduct by Travelers. Travelers cannot be expected to respond to a document that fails to allege what Lawal believes Travelers did or did not do.

Moreover, to the extent Plaintiff broadly suggests that he wishes to assert a civil RICO action premised on mail fraud or wire fraud, Federal Civil Procedure Rule 9(b) mandates that such fraud claims be pled "with particularity." *Robinson v. Standard Mortgage Co.*, 191 F. Supp. 3d 630, 640 (E.D. La. 2016). A statement pled with particularity must identify "time, place, and contents of the false representation[], as well as the identity of the person making the representation and what the person obtained thereby." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009). Where a party fails to plead fraud with the requisite degree of particularity, a motion for more definite statement should be granted. *ABN-AMRO Mortgage Group, Inc. v. Emerson Manufactured Homes, Ltd.*, 2005 WL 1949601 at * 3 (S.D. Tex. Aug. 15, 2005).

Lawal's Second Motion to Vacate Arbitration Award lacks any of the particular details to establish claims against Travelers for fraud or any other cause of action. Lawal must be required to identify facts, not just supposition or misconstruing documents Travelers did not prepare, so that Travelers may adequately respond. The allegations of Lawal's Second Motion to Vacate Arbitration Award are too vague and too indefinite for Travelers to defend itself. If Lawal's motion is to be construed as a complaint, Lawal should be required to provide a more definite statement of claims against Travelers.

## CONCLUSION

Lawal's Second Amended Motion to Vacate Arbitration Award is the appropriate procedural mechanism for challenging the arbitration award in favor of Turo. However, Travelers was not a party to that arbitration, and Lawal cannot piggyback in that summary proceeding other claims against Travelers or others. Therefore, this Court should grant Travelers' motion and strike the purported joinder of Travelers and/or deny Plaintiff's motion for leave to add Travelers to this proceeding. Alternatively, to the extent this Court rules that Travelers is properly made a defendant to this proceeding, Travelers moves for a more definite statement as the allegations against Travelers in the Second Amended Motion to Vacate Arbitration Award are so indefinite and vague that Travelers cannot adequately prepare a response or identify its defenses.

Respectfully submitted:

/s/ Kevin M. McGlone
Joseph P. Guichet, Tex. Bar. No. 24073344
Kevin M. McGlone, La. Bar. No. 28145
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504.568.1990
Facsimile: 504.310.9195
Email:jguichet@lawla.com; kmcglone@lawla.com
**COUNSEL FOR DEFENDANT, TRAVELERS EXCESS AND SURPLUS LINES COMPANY, INCORRECTLY NAMED AS TRAVELERS INSURANCE CO.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was electronically filed through the CM/ECF system, and a copy of this Motion was served on Plaintiff via email and/or through the Court's CM/ECF filing system on this 10th day of October 2025.

/s/ Kevin M. McGlone
Kevin M. McGlone