**Exhibit C: Final Arbitration Award: Imposing retroactive 50-page evidence limit**

**EXHIBIT 1**

# FINAL AWARD

Exhibit C: Final Arbitration Award: Imposing retroactive 50-page evidence limit

PRIOR PROCEEDINGS AND EVIDENCE This arbitration was initiated on or about June 12, 2025, between Claimant Azeez Lawal ("Lawal") and Respondent Turo ("Turo"). Lawal claims that his vehicle was damaged during a rental and that Turo must pay for the repair and other costs.

Both parties submitted documentation and statements to support their claims. They also answered the arbitrator's questions. Lawal submitted hundreds of pages of documents and exhibits. These vastly exceeded the number allowable by FairClaims (30 documents not to exceed 50 pages). The arbitrator considered Lawal's evidence insofar as it related to the claims here.

FINDINGS OF FACT AND RULINGS

Arbitrator must consider evidence to reach a decision concerning the merits of a particular claim. See generally, Rules 8, 12, 14-15, 20-21; DC Media Capital, LLC v. Imagine Fulfillment Servs., LLC, B239081 at *3 (2013). The Turo Terms of Service ("TOS")( https://turo.com/us/en/policies/terms) specify Arizona law as controlling. The rental took place in Texas, whose laws would govern an insurance contract. Turo, however, states the TOS are not an insurance agreement. California is the place of arbitration; California law will determine the claim. The contract law is substantially identical to similar laws nationwide.

To prove the claim, a party has to show that there was a contract, that the other side violated it, that the claimant did not, and that there were damages. Oasis West Realty v. Goldman, 51 Cal. 4th 811, 821 (Cal. 2011). The proof must be in the form of "evidence that has more convincing force than that opposed to it." Glage v. Hawes Firearms Co., 226 Cal.App.3d 314, 324 (Cal. Ct. App. 1990) (citations omitted). Arbitrators have broad powers to achieve fair and just results. Sapp v. Barenfeld, 34 Cal.2d 515, 523 (Cal. 1949). Both parties are required to act reasonably and in good faith to achieve the results of the contract. See e.g., Smith v. City and County of San Francisco, 225 Cal.App.3d 38, 49 (1990)

On April 17, 2025, Lawal rented his 2013 Nissan Murano with approximately 122,000 miles of use to a renter via Turo. The car was to be returned on April 18, 2025. The renter (or his driver) was arrested during the rental on suspicion of criminal activity. There was no evidence that either Lawal or Turo somehow enabled this activity intentionally or negligently.

The car was impounded at the police lot. Lawal contacted Turo to obtain a release. The car was released on or about May 19, 2025. After release, Lawal claimed the car was damaged. The damage consisted of a removed rearview mirror and the missing license plates. Turo conducted an appraisal and determined the repair costs of $290.35, subject to a deductible of $250. It paid Lawal $40.35. It also charged the renter additional fees and paid Lawal for late return plus $250 for the inconvenience caused. This arbitration ensued.

Lawal claims that Turo must pay him additional damages in excess of $10,000. No such damages are warranted. Here, the car was impounded during the rental. It was recovered within reasonable time with Turo's assistance; it appears that Lawal could have recovered the car sooner and thus avoided most of his claimed damages. The car was undamaged save for a missing mirror removed by the police and the two license plates – these were very minor losses. Lawal's accusations of unfair and deceptive business practices are further undermined by the volume of his submission (well in excess of Turo's Rules), which failed to support his claims.

The rental was governed by the Turo's Terms of Service and related documents (the "TOS"). As part of the rental, Lawal obtained a so-called "Protection Plan," which required Turo to pay Lawal if the car were damaged during the trip. The claim is subject to a deductible, which was $250 in this matter.

Turo was also responsible to collect certain fees for late return and similar costs. It did so and paid them

over to Lawal.

Additional damages are taken in turn.

First, Lawal requests $459 for "parts (repair/ replacement)." Lawal submitted a web printout showing a mirror cost of $524. He also produced an estimate from Texas Nissan of Grapevine, TX, for $933.12 with a handwritten notation claiming additional labor costs of $1,049. However, the invoice doesn't describe in detail what parts are sought to be replaced and is dated June 23, 2025, i.e., after the start of the arbitration. These documents simply do not prove any additional damage. The photos show no damage, other than the mirror and the missing plates. The mirror appears to have been removed by the police as part of their investigation. Lawal did not explain why Turo's use of used OEM part would be improper. It is consistent with Turo's policies and industry standards. This claim is thus denied.

Second, Lawal requested reimbursement for fuel costs in the amount of $50. Lawal claimed that "there is a standard refueling surcharge of $45." No clear evidence supported this charge, however. Turo requested receipts for the charges – Lawal did not produce any. This claim is denied.

Third, Lawal requested reimbursement of towing costs in the amount of $150. There was no evidence of such costs – the evidence showed that Turo arranged towing. This claim is denied.

Fourth, Lawal asked reimbursement for a traffic ticket, incurred during a prior, unrelated rental. The evidence showed that the renter actually paid it directly. No reimbursement is due.

Fifth, Lawal claimed compensation for 61 days of "lost use" of the car at the rate of $80 per day. The TOS do not require such reimbursement.

The claim rests on Lawal's argument that Turo didn't do what it was required to recover the car or otherwise delayed matters. The evidence established that Turo took reasonable steps to recover the vehicle, that Lawal largely limited his efforts to encouraging Turo to do more, and collecting evidence of its alleged failings. The TOS do not expressly require Turo to recover a car from impoundment. The parties produced a "Self-Recovery" policy, which suggests that the owner "can recover … yourself instead of using Turo's roadside assistance" a car that's been impounded. The policy suggests the owner "can opt to recover" the car, but "may not self-recover a vehicle if the impound is due to … a trust and safety issue." Trust and safety issues aren't defined, although presumably this is intended to protect the owner in case of criminal activity. Here, the acts were over by the time the car was impounded. Nothing appeared to prevent Lawal from taking it back. His insistence that Turo is solely responsible is inconsistent with the TOS. Further, Turo agreed to reimburse fees and costs of recovering the car for "eligible self-recovery." Here, there was no ready evidence that Lawal paid anything out of pocket.

There was no evidence that Turo delayed the process and, in any event, the car was impounded on April 18 and released on or about May 19, 2025. This was a reasonable period of time in light of the incident at issue. There was no evidence that Turo acted negligently in allowing the rental. Thus, nothing is due for the alleged loss of use.

The same is true for the claimed "inconvenience" at the rate of $50 per day. Nothing in the TOS requires reimbursement for inconvenience as a result of a criminal act of another.

Fifth, Lawal requested reimbursement of his attorney's fees in the amount of $1,500. There was no evidence to support this claim. In any event the attorney's fees are not payable under the TOS. This claim is also denied.

Finally, Lawal claimed the arbitration fee and also punitive damages under TX law. He cannot claim these because he did not win this arbitration. This claims is denied.

CONCLUSION. For these reasons, the arbitrator rules in favor of the Respondent and dismisses the claim. SO ORDERED.

July 16, 2025

**Exhibit C: Final Arbitration Award: Imposing retroactive 50-page evidence limit**

*Pavel Bespalko*

Pavel Bespalko Esq.



Exhibit C: Final Arbitration Award: Imposing retroactive 50-page evidence limit

FairClaims, Inc.

777 S. Alameda St. 2nd Floor

Los Angeles, CA 90021

Re: FairClaims Arbitration Dispute 43417844

Date: July 16, 2025

To whom it may concern,

This letter is to affirm that the attached copy of the FairClaims Arbitration Award dated July 16, 2025 for FairClaims dispute 43417844 is certified to be a valid FairClaims Arbitration Award rendered and signed by a duly appointed neutral and independent arbitrator pursuant to (1) the Pre-Dispute Arbitration Agreement and (2) FairClaims Rules and Procedures to which both parties agreed.

For any further inquiries please contact help@fairclaims.com.

*Stephen Kane*

Stephen Kane

Founder and CEO, FairClaims