**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **AZEEZ LAWAL,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | NO. 4:25-CV-00810-SDJ-BD |
| v. | § | |
| | § | |
| **TURO INC.,** *et al.*, | § | |
| | § | |
| *Defendant's*. | § | |

**DEFENDANT TURO INC.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)
AND ALTERNATIVE MOTION FOR MORE DEFINITIVE STATEMENT
UNDER FED. R. CIV. P. 12(e)**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. FACTS AND PROCEDURAL HISTORY ...................................................................... 2

III. LEGAL STANDARD........................................................................................................ 4

IV. ARGUMENT AND AUTHORITIES............................................................................... 5

    A. These Proceedings Must Be Dismissed Because the Court Lacks Subject-Matter Jurisdiction. ...........................................................................................................5

        1. Plaintiff's Motion does not allege sufficient facts to establish diversity jurisdiction pursuant to 28 U.S.C. §1332(a). ..................................................... 5

        2. Plaintiff's Motion also does not allege sufficient facts to establish federal question jurisdiction under 28 U.S.C. §1331..................................................... 8

        3. Plaintiff's claim of supplemental jurisdiction fails for the same reason........... 9

    B. Alternatively, the Court should order Plaintiff to make a more definitive statement pursuant to Fed. R. Civ. P. 12(e)...........................................................................10

V. CONCLUSION ............................................................................................................... 12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*ABN-AMRO Mortgage Group, Inc. v. Emerson Manufactured Homes, Ltd.*,
    2005 WL 1949601 (S.D. Tex. Aug. 15, 2005) ................................................................... 11

*Ascension Data & Analytics, L.L.C. v. Pairprep, Inc.*,
    105 F.4th 749 (5th Cir. 2024) ............................................................................................. 9

*Ascension Data & Analytics, LLC v. Pairprep, Inc.*,
    145 S. Ct. 595 (2024) ......................................................................................................... 9

*Badgerow v. Walters*,
    596 U.S. 1 (2022) ....................................................................................................... *passim*

*Collins v. Nat'l Football League*,
    566 F. Supp. 3d 586 (E.D. Tex. 2021) ............................................................................... 6

*Dyll v. Adams*,
    167 F.3d 945 (5th Cir. 1999) .............................................................................................. 7

*Elwell v. Raymond James Fin. Services, Inc.*,
    686 F. Supp. 3d 281 (S.D.N.Y. 2023) ................................................................................ 7

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
    552 U.S. 576 (2008) ................................................................................................... 6, 8, 9

*Mai v. Art Inst. of Dallas Aii, LLC*,
    No. 3:23-CV-1275-D, 2023 WL 5986464 (N.D. Tex. Sept. 14, 2023) .............................. 7

*Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*,
    363 F.3d 1072 (10th Cir. 2004) .......................................................................................... 4

*Richter, S.A. v. Bank of Am. Nat. Tr. & Sav. Ass'n*,
    939 F.2d 1176 (5th Cir. 1991) ............................................................................................ 7

*Ryan v. Whataburger Restaurants, LLC*,
    No. 3:25-CV-614-S-BN, 2025 WL 1799964 (N.D. Tex. June 9, 2025) ............................ 6

*Santoro v. Cnty. of Collin*,
    No. 4-18-CV-00660-ALM-CAN, 2018 WL 11405612 (E.D. Tex. Oct. 16, 2018) .......... 10

*Santos v. Tex. Workforce Comm'n*,
    No. CIV.A.H-08-1869, 2008 WL 2902078 (S.D. Tex. July 28, 2008) ............................ 10

*St. Paul Reinsurance Co., Ltd. v. Greenberg*,
    134 F.3d 1250 (5th Cir. 1998) ............................................................................................ 4

*Vaden v. Discover Bank*,
    556 U.S. 49 (2009) ............................................................................................................ 8

**Statutes**

9 U.S.C. §§ 10 and 11 ................................................................................................... *passim*

28 U.S.C. §1331 ............................................................................................................ *passim*

28 U.S.C. §1332(a) ....................................................................................................... *passim*

Federal Arbitration Act ................................................................................................. *passim*

Tex. Civ. Prac. & Rem. Code Ann. §171.088 ................................................................. 2, 9

Texas Deceptive Trade Practices Act ................................................................................ 2

**Other Authorities**

Federal Rule of Civil Procedure 8 .................................................................................. 11

Federal Rule of Civil Procedure 12(b)(1) ..................................................................... 1, 4

Federal Rule of Civil Procedure 12(e) ..................................................................... 1, 2, 10

Defendant Turo Inc. ("Turo"), by and through its undersigned counsel, moves to dismiss Plaintiff Azeez Lawal's ("Plaintiff") Second Amended Motion to Vacate Arbitration Award (Dkt. No. 8) ("Motion") and these proceedings in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(1), due to lack of subject-matter jurisdiction, or alternatively, for an order compelling Plaintiff to provide a more definitive statement pursuant to Federal Rule of Civil Procedure 12(e). In support of such alternative motions, Turo would respectfully show the Court the following:

## I.   INTRODUCTION

1.   This Court lacks subject-matter jurisdiction to confirm or vacate the underlying arbitration award because Plaintiff's Motion (Dkt. No. 8) does not articulate an independent jurisdictional basis to establish the Court's jurisdiction in these proceedings. *See Badgerow v. Walters*, 596 U.S. 1, 8 (2022) (holding that "an applicant seeking, for example, to vacate an arbitral award under Section 10 must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'") (internal citations omitted).

2.   In *Badgerow*, the Supreme Court held that district courts must only look to the face of Federal Arbitration Act ("FAA") application itself to determine whether the court has subject-matter jurisdiction, and it cannot "look through" to the underlying substantive dispute. *Id.* at 9-11.

3.   Here, Plaintiff's Motion does not plead facts to sufficient to establish that this Court has diversity jurisdiction (28 U.S.C. §1332(a)) or federal question jurisdiction (28 U.S.C. §1331) as required by the Supreme Court's guidance in *Badgerow*. Accordingly, this proceeding must be dismissed.

4.   Alternatively, should the Court deny Turo's motion to dismiss, the Court should order Plaintiff to file a more definitive statement, pursuant to Federal Rule of Civil Procedure

12(e), because the claims and relief sought by Plaintiff through his Motion are "so vague or ambiguous that [Turo] cannot reasonably prepare a response." Fed R. Civ. Proc. 12(e).

## II.  FACTS AND PROCEDURAL HISTORY

5. Plaintiff and Turo were parties to an arbitration proceeding in July 2025. On July 16, 2025, the arbitrator issued a Final Arbitration Award that ruled in favor of Turo and dismissed Plaintiff's claim therein ("Arbitration Award"). (Dkt. No. 39-2.)

6. Plaintiff commenced this proceeding on July 28, 2025, by filing a Motion to Vacate Arbitration Award under Section 10 of the FAA. (Dkt. No. 1.). He subsequently filed an Amended Motion to Vacate Arbitration Award on July 31, 2025, and the subject Motion (his Second Amended Motion to Vacate Arbitration Award) on August 6, 2025.

7. Plaintiff's Motion seeks to have the Court vacate the Arbitration Award pursuant to 9 U.S.C. §10 and Tex. Civ. Prac. & Rem. Code Ann. §171.088. (Dkt. No. 8-1 p. 11). Plaintiff also seeks sanctions against the defendants, referrals of matters to regulatory agencies, declaratory relief, discovery, and leave to amend these proceedings into a claim against defendants under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§1961-1968) ("RICO"). (Dkt. No. 8-1 at p. 11).

8. Plaintiff also confusingly indicates that his Motion *is* intended to assert multiple new substantive claims against the defendants which, insofar as Turo can ascertain, appear to include without limitation claims under RICO, the Texas Insurance Code, and the Texas Deceptive Trade Practices Act ("DTPA"). (*See generally*, Dkt. No. 8-1., including without limitation p. 37.)

9. An exhibit to the Motion states that Plaintiff is a citizen of Texas and Turo is a Delaware corporation. Plaintiff does not identify the state of incorporation of the other-named

2

defendants, FairClaims, Inc. and Travelers Insurance Co., in the exhibit or elsewhere in the Motion. (Dkt. No. 8-1 p. 274).

10. Plaintiff's Motion contends that the amount in controversy exceeds $75,000 "based on the underlying claim value and requested relief (vacatur, DTPA damages, RICO treble damages, sanctions, and fees)." (Dkt. No. 8-1 p. 274). Yet, Plaintiff also states he has "requested damages, totaling $39,200,000, encompassing statutory multipliers under the DTPA, Texas Insurance Code, and RICO, along with [statutorily mandated] punitive damages…." (Dkt. No. 8-1 p. 37).

11. In the underlying arbitration, and according to the Arbitration Award, Plaintiff only sought (1) $459 for "parts (repair/replacement)" and submitted documents indicating the costs of a replacement mirror ($524), a repair estimate of $933.12 and $1,049 in labor; (2) $50 for fuel cost reimbursement; (3) $150 in towing cost reimbursement; (4) reimbursement for a traffic ticket in an unspecified amount; and (5) 61 days of "lost use" of the vehicle at the rate of $80 a day (totaling $4,880), along with (6) $1,500 in attorneys' fees, his arbitration costs, and punitive damages. (Dkt. No. 39-2 p. 4). The specified amounts described above total $9,545.12. This figure does not include unspecified amounts for a traffic ticket or Plaintiff's arbitration costs. All such requested relief was denied by the Arbitrator. (*See* Dkt. No. 39-2 p. 4.).

12. Plaintiff further asserts that the Court has federal question jurisdiction over his Motion because it was brought under the FAA and pursuant to 9 U.S.C. §10. (Dkt. No. 8-1 at p. 274).

13. Additionally, Plaintiff contends that the Court has supplemental jurisdiction over his Motion because his state law claims "arise from the same nucleus of operative facts as the FAA claims, warranting supplemental jurisdiction." (Dkt. No. 8-1 at p. 274).

3

### III. LEGAL STANDARD

14. Dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is required if the Court lacks subject-matter jurisdiction. "The burden of establishing subject matter jurisdiction in federal courts rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Rule 12(b)(1) challenges are generally presented in one of two forms. "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). For purposes of this motion, Turo relies solely upon the facts as alleged in Plaintiff's Motion.

15. When a party petitions a district court to confirm or vacate an arbitration award pursuant to Section 10 of the FAA, the party must identify a grant of jurisdiction, apart from Section 10 itself, conferring access to a federal forum. *Badgerow*, 596 U.S. at 4 (holding that Section 10 of the FAA's authorization of such petitions does not itself create the subject-matter jurisdiction necessary for a federal court to resolve them. Rather, the federal court must have an independent jurisdictional basis to do so). Subject-matter jurisdiction exists where (1) there is complete diversity between the Plaintiff and all defendants and the amount in controversy exceeds $75,000, and/or (2) the suit arises under federal law. *Id*. at 7; 28 U.S.C. §1332(a); 28 U.S.C. §1331.

16. In determining whether subject-matter jurisdiction exists, "a court may look only to the application actually submitted to it in assessing its jurisdiction." *Badgerow*, 596 U.S. at 4. If the application "shows that the contending parties are citizens of different States (with over $75,000 in dispute), then § 1332(a) gives the court diversity jurisdiction" or "if it alleges that

4

federal law (beyond Section 9 or 10 itself) entitles the applicant to relief, then § 1331 gives the court federal-question jurisdiction." *Id*. at 9.

## IV.     ARGUMENT AND AUTHORITIES

**A.     These Proceedings Must Be Dismissed Because the Court Lacks Subject-Matter Jurisdiction.**

    **1.     Plaintiff's Motion does not allege sufficient facts to establish diversity jurisdiction pursuant to 28 U.S.C. §1332(a).**

        **a.     Plaintiff has not established complete diversity amongst himself and all defendants.**

17.     These proceedings involve Plaintiff and three defendants. Plaintiff's Motion names three defendants in its captions and continually references all three throughout the Motion itself: Turo, FairClaims, Inc. and Travelers Insurance Co. (*See generally*, Dkt. No. 8-1). Plaintiff requested and was issued a summons for each of these three named defendants. (Dkt. No. Nos. 10, 23). He has achieved service in this matter on both Turo and Travelers Insurance Co. (Dkt. Nos. 16, 19) and continues to attempt service on FairClaims, Inc. (*See* Dkt. Nos. 10, 21, 23, 30, 33). And, the Court's docket in this matter identifies the same three parties as defendants.

18.     A party can establish subject-matter jurisdiction pursuant to 28 U.S.C. §1332(a) by pleading facts sufficient to show that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 U.S.C. §1332(a). Plaintiff failed to plead such facts in his Motion.

19.     Specifically, Plaintiff's Motion does not contain any jurisdictional facts regarding the citizenship of FairClaims, Inc. or Travelers Insurance Co. (*See generally*, Dkt. No. 8-1). Plaintiff therefore has failed to meet his burden of establishing that complete diversity exists between him and all defendants. *See* 28 U.S.C. §1332(a); *Port City Props*. 518 F.3d at 1189 ("The

5

burden of establishing subject matter jurisdiction is on the party asserting jurisdiction."). This alone is sufficient to dismiss the Motion.

        **b.    Separately, Plaintiff has also not established that the amount in controversy exceeds $75,000.**

20.    Although the Motion "requests" $39,200,000 in damages, these damages cannot be used to determine subject matter jurisdiction for a number of reasons. First, that figure relates to the litany of *new* claims Plaintiff purports to assert through his Section 10 petition, including violations of RICO, DTPA, and the Texas Insurance Code. (Dkt. No. 8-1 p. 37). But any such assertion of these new claims is improper. Critically, Section 10 of the FAA only authorizes expedited judicial review of an arbitration award and only allows the limited relief of vacatur. *See* 9 U.S.C.A § 10; *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 592 (2008) ("the FAA confines its expedited judicial review to the grounds listed in 9 U.S.C. §§ 10 and 11"). Section 10 does not allow the Plaintiff to include new substantive claims or seek new monetary relief. *See id.*; *see also Collins v. Nat'l Football League,* 566 F. Supp. 3d 586, 595 (E.D. Tex. 2021) (holding that judicial review of an arbitration award is narrow and the grounds to vacate an award are limited to statutory grounds set forth in Section 10). Because Plaintiff's new claims that form the basis of these damages are improper in a Section 10 petition and cannot be considered, it follows that the damages Plaintiff seeks through such claims cannot form the basis of establishing subject matter jurisdiction.

21.    Courts have traditionally used two different approaches to determine the amount in controversy for Section 10 petitions*,* the demand approach and the award approach. Under the demand approach, the amount in controversy in a Section 10 proceeding is the amount demanded in the original arbitration. *Ryan v. Whataburger Restaurants, LLC*, No. 3:25-CV-614-S-BN, 2025 WL 1799964, at *2 (N.D. Tex. June 9, 2025), report and recommendation adopted, No. 3:25-CV-

0614-S-BN, 2025 WL 1798282 (N.D. Tex. June 30, 2025); (*Mai v. Art Inst. of Dallas Aii, LLC*, No. 3:23-CV-1275-D, 2023 WL 5986464, at *2 (N.D. Tex. Sept. 14, 2023) ("The amount in controversy in an action to vacate an arbitration award is not the amount of the actual arbitration award but the amount demanded in the underlying arbitration."). Here, in the underlying arbitration, Plaintiff sought $9,545.12, plus an unspecified amount for a traffic ticket and arbitration costs, which might add, at most, a few thousand dollars to the value of his arbitration claim. (*See* Dkt. No. 39-2). Even if trebled, Plaintiff's claim in arbitration was still far short of meeting the $75,000 jurisdictional threshold for diversity jurisdiction.

22. Following *Badgerow*, some courts have declined to follow the demand approach, citing concerns that the approach "is similar to the 'look through' approach that the Supreme Court held impermissible in *Badgerow*." *Elwell v. Raymond James Fin. Services, Inc.*, 686 F. Supp. 3d 281, 289 (S.D.N.Y. 2023). Under the award approach, the amount in controversy in a Section 10 proceeding is established by the value of the underlying arbitration award itself. *See id.* Here, the Arbitration Award was also for less than $75,000. (Dkt. No. 39-2 p. 4.) Under either approach, Plaintiff's Motion does not meet the $75,000.00 threshold necessary to establish the Court's subject-matter jurisdiction over this Section 10 proceeding. *See* 28 U.S.C. §1332(a).

23. As a final note, even if damages on newly asserted claims could be considered, Plaintiff's request for $39,200,000 should be disregarded because those amounts are speculative, not made in good faith, and not ascertainable in any manner. *See Richter, S.A. v. Bank of Am. Nat. Tr. & Sav. Ass'n,* 939 F.2d 1176, 1188 (5th Cir. 1991) ("The damages must be ascertainable in some manner other than by mere speculation or conjecture, and by reference to some fairly definite standard, established experience, or direct inference from known facts."); *Dyll v. Adams*, 167 F.3d 945, 946–47 (5th Cir. 1999) ("Texas law requires that damages be established with a reasonable

7

degree of certainty.") Plaintiff has transformed an initial dispute over relatively minor repair costs into a pursuit for nearly $40,000,000. (*Compare* Dkt. No. 39-2 *with* Dkt. No. 8-1.) This figure is entirely speculative and fabricated, based on made-up sanctions and punitive amounts that Plaintiff then trebles through his improper new claims. (*See* Dkt. No. 8-1 p. 37 ("The requested damages, totaling $39,200,000, encompassing statutory multipliers under the DTPA, Texas Insurance Code, and RICO, along with punitive damages. . . ."); p. 274 ("Amount in Controversy: Exceeds $75,000, exclusive of interest an costs, based on the underlying claim value and requested relief (vacatur, DTPA damages, RICO treble damages, sanctions, and fees")).) Through such statements, Plaintiff appears aware that the amount he demanded in arbitration was insufficient by itself to establish diversity jurisdiction and therefore added new claims and asserted outlandish damages in a bad-faith attempt to assert a Section 10 petition in this Court.

24. For the multitude of reasons stated above, Plaintiff's newly asserted damages do not establish the amount in controversy, and accordingly, diversity jurisdiction does not exist here. *See* 28 U.S.C. §1332(a).

   **2.   Plaintiff's Motion also does not allege sufficient facts to establish federal question jurisdiction under 28 U.S.C. §1331.**

25. The only facts Plaintiff cites to establish federal question jurisdiction are "A motion to vacate under the Federal Arbitration Act (FAA), 9 U.S.C. § 10, presents a federal question. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008); *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009)." (Dkt. No. No 8-1 p. 274.)

26. But this is insufficient. A Section 10 petition does not, by itself, present a federal question or confer jurisdiction on a district court. This issue was the precise focus of the Supreme Court's *Badgerow* decision. *See generally, Badgerow* 596 U.S. at 1-19 (holding that Section 9 and 10 of the FAA do not themselves support federal jurisdiction). "This is because the FAA's

8

'authorization of a petition does not itself create jurisdiction. Rather, the federal court must have an independent jurisdictional basis, to resolve the matter.' Accordingly, 'an applicant seeking, for example, to vacate an arbitral award under Section 10 [of the FAA] must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.''" *Ascension Data & Analytics, L.L.C. v. Pairprep, Inc.*, 105 F.4th 749, 753 (5th Cir. 2024), cert. denied sub nom. *Ascension Data & Analytics, LLC v. Pairprep, Inc.*, 145 S. Ct. 595 (2024) (quoting *Badgerow* 596 U.S. at 4, 8) (internal citations omitted).

27. In fact, Plaintiff's own citations contradict his position. In *Hall Street Assocs.*, the Supreme Court actually held "[a]s for jurisdiction over controversies touching arbitration, the [FAA] does nothing, being 'something of an anomaly in the field of federal-court jurisdiction' bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis." *Hall Street Assocs.*, 552 U.S. 581-82 (internal quotations and citations omitted).

28. Further, as discussed *supra* in Section A(1)(b), Plaintiff's new RICO claim—to the extent it is even currently part of these proceedings[1]—cannot be considered as part of his Motion in the first place and therefore does not present a federal question in these proceedings. *See also* 9 U.S.C.A § 10; *Hall St. Assocs.*, 552 U.S. at 592; *McCarthy*, 58 F. Supp. 2d at 292.

29. For these reasons, Plaintiff's Motion does not present an actual federal question. Accordingly, the Motion also does not establish subject matter jurisdiction pursuant to 28 U.S.C. §1331.

### 3. Plaintiff's claim of supplemental jurisdiction fails for the same reason.

30. Plaintiff's final basis for subject-matter jurisdiction is that his "State-law claims (including Tex. Civ. Prac. & Rem. Code §171.088) arise from the same nucleus of operative facts

---

[1] Plaintiff's "Executive Summary" of his Motion states that he seeks "leave to amend into a civil RICO claim." (Dkt. No. 8-1 p.11.)

as the FAA claims, warranting supplemental jurisdiction." (Dkt. No. 8-1 p. 274.) As shown above though, Plaintiff's pursuit of vacatur under FAA § 10 does not itself establish subject matter jurisdiction. Accordingly, supplemental jurisdiction does not arise where the claims to which it is allegedly tied also do not establish subject-matter jurisdiction.

31. Plaintiff's Motion fails to establish facts that confer subject-matter jurisdiction on this Court in these Section 10 proceedings. For any or all of the reasons cited above, the Court must dismiss Plaintiff's Motion.

**B.   Alternatively, the Court should order Plaintiff to make a more definitive statement pursuant to Fed. R. Civ. P. 12(e).**

32. If the Court denies Turo's motion to dismiss and allows Plaintiff to proceed with prosecuting his newly asserted claims—which Plaintiff would have to first assert in arbitration pursuant to the arbitration agreement between the parties—Turo is entitled to a more definitive statement from Plaintiff of the claims being asserted against it, pursuant to Fed. R. Civ. P. 12(e). "A motion for more definite statement is proper when a complaint is so vague that a defendant cannot frame a responsive pleading." *Santoro v. Cnty. of Collin*, No. 4-18-CV-00660-ALM-CAN, 2018 WL 11405612, at *1 (E.D. Tex. Oct. 16, 2018) (citing *Sisk v. Texas Parks & Wildlife*, 644 F. 2d 1056, 1059 (5th Cir. 1981)). Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Further, such a motion is appropriate when the pleading "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Santos v. Tex. Workforce Comm'n*, No. CIV.A.H-08-1869, 2008 WL 2902078, at *1 (S.D. Tex. July 28, 2008).

33. Plaintiff's allegations against Turo in his Motion are unintelligible. The majority of Plaintiff's 377-page Motion concerns new claims, legal theories, damages models—and even

10

parties—that were not part of the underlying arbitration. Much of this is spent discussing things such inapplicable laws (*See e.g.*, Dkt. No. 8-1 p. 284 (Minnesota Deceptive Trade Practices Statute and California Unfair Competition Law); his spouse's autism (p. 241); anticipated arguments from Turo (pp. 241-47); alleged settlements and fines involving Defendants from wholly unrelated proceedings (pp. 14, 24, 148); and the like. He presents arguments and requests across his Motion and hundreds of pages of "exhibits" (which are largely regurgitated arguments in chart or bulleted format) that (1) are frequently based on conjecture and not facts, (2) often contradict one another (*e.g.*, *compare* Dkt. No. 8-1 pp. 11, 47 (asking for leave to amend for a DTPA/RICO matter) vs. pp. 37, 167 (requesting $39,200,000 in damages for DTPA and RICO violations)) and (3) require Turo to bounce across hundreds of pages of scattered ramblings to try to weave together the facts and claims he is asserting. Plaintiff's attempt to shoehorn new claims, legal theories, and damages into a limited Section 10 proceeding is improper, and his manner of doing so is so confusing that Turo cannot reasonably ascertain what exactly he is alleging or seeking, and against whom, or even separate these new claims from the bases on which Plaintiff seeks vacatur.

34. If Plaintiff's Motion is allowed to act as, or is converted into, a federal complaint that asserts DTPA, RICO and other new claims, Plaintiff should be required to replead in accordance with the pleading standards required by Fed. R. Civ. P. 8.

35. Even if Plaintiff's Motion only continues as a Section 10 petition and his additional claims are not considered, Plaintiff should still be ordered to replead his bases for vacatur in a more concise and decipherable format that plainly explains his position and requested relief so that Turo can prepare a proper response thereto.

36. Where a party fails to plead its claims with the requisite degree of particularity, a motion for more definite statement should be granted. *ABN-AMRO Mortgage Group, Inc. v.*

11

*Emerson Manufactured Homes, Ltd.*, 2005 WL 1949601 at * 3 (S.D. Tex. Aug. 15, 2005). Such is the case here. Accordingly, if the Court denies Turo's motion to dismiss, it should grant Turo's alternative request for a more definitive statement and require Plaintiff to replead in a manner that cures the deficiencies stated herein.

## V. CONCLUSION

The Court does not have subject-matter jurisdiction over these proceedings. It is Plaintiff's burden to allege facts that establish an independent jurisdictional basis under either 28 U.S.C. §1332(a) or 28 U.S.C. §1331, and his Motion fails to do so. Accordingly, his Motion must be dismissed.

If this case does proceed however, Plaintiff cannot include new claims or seek new damages and treat this expedited review of an arbitration award as a regular lawsuit against the Defendants. The only relief to which Plaintiff is potentially entitled is vacatur of the Arbitration Award. Plaintiff should be ordered to succinctly replead his Section 10 petition that omits these new claims and damages and conforms with federal court pleading standards and applicable law.

WHEREFORE, Defendant Turo Inc. respectfully requests that this Court dismiss Plaintiff's Motion and these proceedings with prejudice or, alternatively, order Plaintiff to replead with a more definitive statement, along with any and all additional relief in law and equity to which it is justly entitled.

Date: November 7, 2025                    Respectfully submitted,

                                          **HOLLAND & KNIGHT LLP**

                                          */s/ Kevin A. Teters*
                                          Kevin A. Teters
                                          State Bar No. 24075678
                                          Kevin.Teters@hklaw.com
                                          Morgan J. Delabar
                                          State Bar No. 24116625
                                          Morgan.Delabar@hklaw.com
                                          One Arts Plaza
                                          1722 Routh Street, Suite 1500
                                          Dallas, Texas 75201
                                          Phone: (214) 964-9500
                                          Fax:    (214) 964-9501

                                          ***ATTORNEYS FOR DEFENDANT***
                                          ***TURO INC.***

<b><u>CERTIFICATE OF SERVICE</u></b>

     The undersigned certifies that this document was filed electronically on November 7, 2025, in compliance with Federal Rule of Civil Procedure 5(b)(2), and therefore has been served on all counsel and parties who have consented to electronic service.

                                            */s/ Morgan J. Delabar*
                                            Morgan J. Delabar