IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AZEEZ LAWAL, | § § § | |
| Plaintiff, | § § | NO. 4:25-CV-00810-SDJ-BD |
| v. | § § § | |
| TURO INC., *et al.*, | § § | |
| Defendants. | § § | |

**DEFENDANT TURO, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) AND ALTERNATIVE MOTION FOR MORE DEFINITIVE STATEMENT UNDER FED. R. CIV. P. 12(e)**

Defendant, Turo Inc. ("Turo"), by and through its undersigned counsel, hereby submits its reply in support of its Motion to Dismiss Plaintiff Azeez Lawal's ("Plaintiff") Second Amended Motion to Vacate Arbitration Award or in the Alternative Motion for a More Definitive Statement ("Turo's Motion") (Dkt. No. 49), and respectfully shows the Court as follows:

**I.    PLAINTIFF'S OPPOSITION TO TURO'S MOTION HIGHLIGHTS THE DEFICIENCIES IN HIS MOTION TO VACATE THE ARBITRATION AWARD**

Plaintiff' Second Amended Motion to Vacate the Arbitration Award (the "Motion to Vacate") fails to establish that this Court has subject-matter jurisdiction over this Federal Arbitration Act ("FAA") Section 10 proceeding, and Plaintiff's First Response in Opposition to the Motion to Dismiss (the "Response") only highlights Plaintiff's inability to plead facts sufficient to establish subject-matter jurisdiction. Indeed, the Response recycles the same allegations raised in the Motion to Vacate—Plaintiff (improperly) asserts brand new substantive claims in his Motion to Vacate, through which he seeks more than $39 million dollars in monetary relief, and contends that these new substantive claims and damages can establish subject-matter jurisdiction. Turo's

Motion, however, thoroughly addressed Plaintiff's contentions and demonstrated that newly asserted substantive claims and damages can neither be sought in a Section 10 proceeding nor establish subject-matter jurisdiction.

### A. Plaintiff Cannot Establish Federal Question Jurisdiction

Plaintiff's Response argues that this Court has federal question jurisdiction to hear the Motion to Vacate because he has asserted new federal claims, such as his RICO claim. (*See, e.g.*, Dkt. No. 56 p. 7; Dkt. No. 56-1 p. 1; Dkt. No. 56-2 p. 2-5.) Plaintiff acknowledges that such claim(s) were not part of the underlying arbitration, and he does not provide any legal authority to support his contention that these new claims can provide the basis for federal question jurisdiction here. And he cannot. "Judicial review of an arbitration award is extraordinary narrow." *Soaring Wind Energy, LLC v. CATIC USA, Inc.*, 333 F. Supp. 3d 642, 651 (N.D. Tex. 2018), aff'd sub nom. *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742 (5th Cir. 2020). And vacatur of an arbitration award is only permitted under limited circumstances in Section 10 proceedings. 9 U.S.C.A § 10; *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 592 (2008) ("the FAA confines its expedited judicial review to the grounds listed in 9 U.S.C. §§ 10 and 11"). Plaintiff cannot include new substantive claims, such as RICO, in these limited review proceedings. *See id.*; *see also Collins v. Nat'l Football League*, 566 F. Supp. 3d 586, 595 (E.D. Tex. 2021) (holding that judicial review of an arbitration award is narrow and the grounds to vacate an award are limited to statutory grounds set forth in Section 10).

Accordingly, Plaintiff's newly asserted federal claims are improper and cannot be considered when determining if the Court has federal question jurisdiction under 28 U.S.C. §1331. To that end, Plaintiff has failed to establish that the Court has independent federal question jurisdiction in these proceedings.

### B.     Plaintiff Cannot Establish Diversity Jurisdiction

Plaintiff has also failed to show that diversity jurisdiction exists. He contends that amount in controversy "exceed[s] $39M," but he explicitly bases such damages on the *new* claims he improperly attempts to inject into this Section 10 proceeding. (*See, e.g.*, Dkt. No. 56 p. 7; Dkt. No. 56-1 p. 1; Dkt. No. 56-2 p. 2-5, noting that "full damages exceed $39M vias RICO/DTPA multipliers" and "[t]he claim value is based on the RICO treble damages and DTPA multipliers that apply to the system fraud.") Plaintiff has not shown that the amount demanded in the underlying arbitration, or alternatively, the value of the arbitration award itself, exceeds the jurisdictional threshold of $75,000.[1] *See* 28 U.S.C. §1332(a); *Ryan v. Whataburger Restaurants, LLC*, No. 3:25-CV-614-S-BN, 2025 WL 1799964, at *2 (N.D. Tex. June 9, 2025), report and recommendation adopted, No. 3:25-CV-0614-S-BN, 2025 WL 1798282 (N.D. Tex. June 30, 2025); *Mai v. Art Inst. of Dallas Aii, LLC*, No. 3:23-CV-1275-D, 2023 WL 5986464, at *2 (N.D. Tex. Sept. 14, 2023) ("The amount in controversy in an action to vacate an arbitration award is not the amount of the actual arbitration award but the amount demanded in the underlying arbitration."); *but see Elwell v. Raymond James Fin. Services, Inc.*, 686 F. Supp. 3d 281, 289 (S.D.N.Y. 2023) (holding that the amount in controversy in a Section 10 proceeding is established by the value of the underlying arbitration award itself). Plaintiff therefore has failed to satisfy his burden to show that the amount in controversy in this Section 10 proceeding exceeds $75,000.00.[2]

In sum, Plaintiff's Response does nothing to cure the deficiencies in Plaintiff's Motion to Vacate. Plaintiff's Response does not set forth any new facts, case law, or sound legal arguments that support his position, and instead, he doubles down on the same invalid jurisdictional

---

[1] Regardless of whether the Court follows the demand or award approach discussed in paragraphs 21-22 of the Motion to Dismiss (Dkt. No. 49), the amount in controversy in the underlying arbitration was far below $75,000.00.
[2] Likewise, Plaintiff's Response asserts that the parties are diverse and lists where they are domiciled, but Plaintiff does not point to any such jurisdictional statements in his pleading.

3

arguments that he previously asserted. The RICO and other new claims, along with the monetary relief and damages Plaintiff seeks through such claims, cannot be asserted in a limited Section 10 review proceeding and cannot form the basis of the Court's jurisdiction. Simply put, the Court does not have subject-matter jurisdiction to adjudicate the Motion to Vacate. Accordingly, it must dismiss these proceedings.

## II.     IN THE ALTERNATIVE, PLAINTIFF SHOULD BE ORDERED TO MAKE A MORE DEFINITIVE STATEMENT

If the Court denies Turo's Motion, Turo requests that it order Plaintiff to replead with more clarity, specificity, and in a manner that complies with Federal Rules of Civil Procedure. Indeed, Plaintiff's Response to Turo's Motion underscores this need. Plaintiff's Response is spread across four different documents that largely duplicate, and occasionally contradict, the other pages of these filings. Further, it is the *fifty-sixth* document on the Court's docket—despite this matter being in the early stages of litigation—and primarily focuses on advancing improper claims and a pursuit of almost $40 million dollars. Plaintiff's Response is as confusing, unnecessarily repetitious, and unintelligible as the Second Amended Motion to Vacate Arbitration Award (Dkt. No. 8) and the numerous other voluminous filings that Plaintiff has submitted in recent weeks.

Turo requests that, in the event the Court denies its Motion to Dismiss, that the Court grant Turo's alternative request for a more definitive statement and require Plaintiff to replead in a manner that cures the deficiencies stated in Turo's Motion.

## III.     CONCLUSION

WHEREFORE, Defendant Turo Inc. respectfully requests that this Court dismiss Plaintiff's Second Amended Motion to Vacate the Arbitration Award and these proceedings with prejudice or, alternatively, order Plaintiff to replead with a more definitive statement, along with any and all additional relief in law and equity to which it is justly entitled.

Date: December 1, 2025                                   Respectfully submitted,

                                      **HOLLAND & KNIGHT LLP**

                                       */s/ Kevin A. Teters*
                                      Kevin A. Teters
                                      State Bar No. 24075678
                                      Kevin.Teters@hklaw.com
                                      Morgan J. Delabar
                                      State Bar No. 24116625
                                      Morgan.Delabar@hklaw.com
                                      One Arts Plaza
                                      1722 Routh Street, Suite 1500
                                      Dallas, Texas 75201
                                      Phone: (214) 964-9500
                                      Fax:    (214) 964-9501

                                      ***ATTORNEYS FOR DEFENDANT***
                                      ***TURO, INC.***

**CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was filed electronically on December 1, 2025, in compliance with Federal Rule of Civil Procedure 5(b)(2), and therefore has been served on all counsel and parties who have consented to electronic service.

                                        */s/ Morgan Delabar*
                                        Morgan Delabar