**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **AZEEZ LAWAL** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-00810-SDJ-BD** |
| | § | |
| **TURO INC.,** *et al.* | § | |

**ORDER**

Plaintiff Azeez Lawal moved to vacate an arbitration award involving Turo Inc.; FairClaims, Inc.; and Travelers Insurance Co. Dkt. 1 (original motion), 6 (amended motion).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Two statutes authorize the lion's share of federal-court litigation: 28 U.S.C. § 1331, which gives federal courts jurisdiction over cases that arise under federal law, and 28 U.S.C. § 1332, which establishes federal courts' "diversity" jurisdiction. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). The latter provision requires "complete diversity" of the parties' citizenships. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). In other words, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Id.* (alteration in original).

Lawal seeks relief from this court under the Federal Arbitration Act, 9 U.S.C. § 10. Dkt. 6 at 10. Two of the defendants, Travelers Excess and Surplus Lines Company (incorrectly named Travelers Insurance Company) and Turo Inc., have responded. *See* Dkts. 39, 49. Defendant FairClaims, Inc., has not. Travelers and Turo challenge this court's jurisdiction. Travelers also moved to strike its joinder, asserting that it is not a proper party. *See* Dkt. 39. Turo moved to dismiss based on a lack of subject-matter jurisdiction and other grounds. *See* Dkt. 49. Until the

court resolves the questions raised by the defendants, its jurisdiction remains in doubt. A stay is therefore warranted.

It is **ORDERED** that all deadlines in the court's order governing proceedings, Dkt. 60, are **VACATED** and that this case is **STAYED** pending further order of the court. The court will not rule on any other motion in the meantime. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

The parties are reminded of their responsibility to preserve evidence according to the Federal Rules of Civil Procedure while the court considers its jurisdiction.

So **ORDERED** and **SIGNED** this 23rd day of December, 2025.

_____
Bill Davis
United States Magistrate Judge